UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re | Chapter 11 |
| Marks Family Trucking, LLC, | Case No. 17-26876-svk |
|           Debtor. | |

| | |
|---|---|
| Marks Family Trucking, LLC, | |
|           Plaintiff, | |
| v. | Adversary No. 17-2276 |
| United States of America, | |
|           Defendant. | |

**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**

Law enforcement authorities pulled over Michael Marks while he was driving a truck ostensibly owned by Marks Family Trucking, LLC. The truck contained illegal drugs. A grand jury indicted Mr. Marks and included a forfeiture allegation against the truck. On July 13, 2017, Marks Family Trucking, LLC filed this Chapter 11 case, and fifteen days later, the United States District Court for the Western District of Wisconsin entered a preliminary order of forfeiture against the truck. The LLC objected, claiming that the truck is property of the bankruptcy estate. The United States then dismissed the forfeiture allegation in the criminal case, but filed a civil complaint against the truck and refused to release the truck. The LLC filed this adversary proceeding to compel turnover of the truck and hold the United States in contempt for violating the automatic stay. The United States moved to dismiss the complaint under Bankruptcy Rule 7012, incorporating Federal Rule of Civil Procedure 12(b). For the reasons that follow, the Court grants the motion.

In deciding this motion, the Court applies the well-developed principles for dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). The Court accepts the well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). Under Rule 12(b)(6), "the complaint must state a claim that is plausible on its face." *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

STATEMENT OF FACTS

The LLC is a trucking company owned by Rebecca Marks and her husband, Michael Marks. On July 27, 2015, the LLC contracted to purchase a Ford F-250 truck via eBay, and Mrs. Marks wired $500 from the LLC's bank account to the seller. On July 28, 2015, the LLC wired the balance of the purchase price, $33,500, to the seller. Mr. Marks traveled to California to retrieve the truck, but never retitled the truck in the LLC's name. Instead, he affixed the license plate from another truck owned by the LLC to the truck.

On November 17, 2016, Mr. Marks was driving the truck when he was stopped by law enforcement authorities, and it was discovered that the truck contained more than 50 grams of methamphetamine. In February 2017, the United States indicted Mr. Marks and included a forfeiture allegation against the truck. The LLC filed this Chapter 11 case on July 13, 2017.

On July 26, 2017, Mr. Marks pleaded guilty and agreed to forfeiture of the truck. On July 28, 2017, District Judge Peterson entered a preliminary order of forfeiture for the truck, directing the government to seize and take custody of the truck. The order provided that any person, other than Mr. Marks, claiming an interest in the truck was required to file a petition with

the District Court within 30 days.  The LLC timely filed a petition to determine its interest in the truck.  On August 30, 2017, the United States instituted a civil action against the truck by filing a Verified Complaint *in Rem* under 21 U.S.C. § 881(a)(4).  That section provides for the forfeiture of a conveyance used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.  In dismissing its forfeiture allegation against the truck in the criminal case on August 31, 2017, the United States explained that the LLC's ownership claim could not be addressed in a criminal ancillary hearing.  The LLC timely filed a Verified Claim for Seized Property in the civil action, and the determination of the LLC's ownership claim was thus ripe to be decided in the United States District Court for the Western District of Wisconsin in that action.  On September 7, 2017, the LLC filed this adversary proceeding seeking turnover of the truck and contempt sanctions against the United States for violating the automatic stay.

## ANALYSIS

The LLC claims that the truck is property of the bankruptcy estate, and accuses the United States of violating the stay by pursuing forfeiture of the truck without seeking stay relief.  But the automatic stay does not protect a debtor or property of the estate from the government's exercise of its police powers.  In relevant part, Bankruptcy Code § 362(b)(4) provides that the petition does not operate as a stay:

> under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

The inclusion of § 362(a)(3) in the police powers exception means that "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is not stayed. Accordingly, assuming the police powers exception applies, the United States did not violate the stay by seizing or refusing to return the truck.

Unsurprisingly, most courts addressing the issue have held that forfeiture proceedings are not stayed. *See Jahn v. United States (In re WinPar Hosp. Chattanooga, LLC)*, 401 B.R. 289, 293 (Bankr. E.D. Tenn. 2009) (collecting cases). In *WinPar*, the bankruptcy trustee sold certain real property and was holding the proceeds when the government filed a forfeiture complaint and a United States Magistrate Judge issued a warrant of arrest *in rem* for the proceeds. The trustee made similar arguments to those made by the LLC here. In concluding that the forfeiture was a punitive action and thus subject to the police powers exception to the automatic stay, the bankruptcy court in *WinPar* relied in part on a Supreme Court case concerning a civil forfeiture under 21 U.S.C. § 881(a)(4) and (7). *Id*. at 292 (citing *Austin v. United States*, 509 U.S. 602, 618 (1993)). This case involves an action *in rem* under 21 U.S.C. § 881(a)(4), the same statute at issue in *Austin*. Accordingly, under the logic of *WinPar* and *Austin*, the civil forfeiture action against the truck is not stayed.

The LLC's brief does not adequately address the *WinPar* holding or the numerous cases cited by the *WinPar* court. First the LLC cites non-forfeiture cases for the proposition that this Court has jurisdiction over property of the estate, and that, as the first court to exercise such *in rem* jurisdiction, the Court retains exclusive jurisdiction in the face of the forfeiture action. The Court rejects this overbroad analysis. While the truck may be property of the estate, the stay does not protect the truck from the government's exercise of its police powers. The LLC argues that the civil forfeiture serves the government's pecuniary interest rendering the police powers

4

exception inapplicable, but the LLC ignores the legion of cases holding that civil forfeiture actions are punitive in nature and classic examples of police powers.

The LLC argues that the forfeiture action does not come within the police powers exception because "the Government is seeking to take the Debtor's property merely because its property was used in a crime." (Debtor's Response at 12.) But the LLC clearly has the opportunity to argue in the civil forfeiture action that the LLC is the innocent owner of the truck. Title 18 U.S.C. § 983(d) states that an innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. This provision allows the LLC to press its claim that the LLC, not Mr. Marks, owns the truck, and that the LLC and Mrs. Marks did not know of Mr. Marks' criminal activity. These arguments are better addressed to the District Court presiding over the civil forfeiture action. To the extent this Court has the ability and the authority to adjudicate whether the LLC is the innocent owner of the truck, the Court abstains.

## CONCLUSION

In sum, the automatic stay did not apply to prevent the institution or continuance of the forfeiture action against the truck. The truck should not be turned over to the LLC for the adjudication of the estate's interest in the truck. Instead, the LLC can and should assert its claim to the truck in the District Court civil forfeiture action, not in this Court. The motion to dismiss the Complaint is granted.

IT IS SO ORDERED.

Dated: December 1, 2017

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge